## A. T. Doerr v. Henry Brune.

1. EVIDENCE—*Admissions of a Party.*—Admissions of parties are competent evidence against them. How much they are worth, is a question for the jury.

2. INSTRUCTIONS—*Must Not Invade the Province of the Jury.*—It is the province of the court to instruct as to the law only, and not to invade

the province of the jury as to the facts by any intimation as to the cred-
ibility of the witnesses, or the weight of the evidence, or by assuming
that a fact in controversy has been proved.

3.  TENDER—*May be Withdrawn.*—A tender in an action at law is
merely a defense, and to be effective it must be kept good.  It may be
withdrawn at any time before it is accepted.

4.  ADMISSIONS—*When Competent.*—Upon the trial of an issue, as to
whether a person contracted to work for three or for four months, an
admission by the party that he hired until the threshing season opened,
is competent as tending to show that he quit the service before the ex-
piration of his time.

**Memorandum.**—Assumpsit.  In the Circuit Court of Montgomery
County; on appeal from a justice of the peace; the Hon. ROBERT B.
SHIRLEY, Judge, presiding.  Trial by jury; verdict and judgment for
plaintiffs; appeal by defendant.  Heard in this court at the November
term, 1894.  Reversed and remanded.  Opinion filed February 11, 1895.

APPELLANT'S BRIEF, LANE & COOPER, ATTORNEYS.

An instruction should not invade the province of the jury
by directing them what weight should be given to the tes-
timony of any witness.  Wickersham v. Beers, 20 Ill. App.
247; Westbrook v. Howell, 34 Ill. App. 574; Kelly v. L. &
N. R. R. Co., 49 Ill. App. 304; Hartley v. Lybarger, 3 Bradw.
524; Dufield v. Cross, 12 Ill. 397; Frizell v. Cole, 29 Ill. 465;
Ayers et al. v. Metcalf et al., 39 Ill. 310; Straubler et al. v.
Mohler et al., 80 Ill. 24; Manro v. Platt, 62 Ill. 450.

AMOS MILLER, attorney for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF
THE COURT.

This was a suit commenced before a justice of the peace,
and was removed by appeal to the Circuit Court where the
plaintiff recovered a judgment for $45; from which the de-
fendant has appealed to this court.  The cause of action was
the wages of the plaintiff's minor son, and the question in
dispute was whether the employment was for a term of
three or four months, the defendant asserting the latter and
the plaintiff the former, there being no dispute that the son
had ceased to work at the end of three months without con_

sent of defendant and without cause other than that the time contracted for had expired. From the evidence, as it appears in the record, it would seem that, to say the least, the case was very close on this point. It is assigned as error that the court gave the following instruction at the instance of the plaintiff:

"The court instructs the jury that although parol proof of the verbal admissions of a party to a suit, when it appears that the admissions were understandingly and deliberately made, often afford satisfactory evidence, yet, as a general rule, the statements of a witness as to the verbal admissions of a party should be received by the jury with great caution, as the kind of evidence is subject to much imperfection and mistake. The party himself may have been misinformed, or may not have clearly expressed his meaning, or the witness may have misunderstood him; and it frequently happens that the witness by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party did actually say. But it is the province of the jury to weigh such evidence and give it the consideration to which it is entitled, in view of all the other evidence in the case."

The effect of this instruction was to discredit the testimony of the witness, Cary, and of the defendant as to conversation at the plaintiff's place of business shortly after the son had quit work, and the plaintiff had written a letter to the defendant demanding payment and threatening suit if the demand was not complied with.

The defendant and Cary went to see the plaintiff and the defendant produced the letter, and a conversation ensued in which the alleged admissions were made. The proposition contained in the instruction is not a rule of law. Admissions of parties are competent evidence against them. How much they are worth is for the jury. It is no doubt common experience that they are generally not entitled to great weight for some or all of the reasons suggested in the instruction, but that is not a matter of law to be given to the jury. In this instance we see nothing to justify the

suspicion that these admissions were unworthy of credit for any of the causes named. The witness, Cary, and defendant, evidently went for the express purpose of discussing the question in dispute with the plaintiff, and if they were truthful in relating the conversation their testimony on that point should have had considerable weight.

The whole case, so far as it was in dispute, rested upon what was said by the plaintiff and defendant and by the son at various times. The plaintiff's case depended on the conversation that occurred when the contract of hiring was made, for it was all verbal. Why should what the plaintiff and his son testified as to that conversation be better remembered and more accurately told, that what was said in the conversation when Cary was present? At least why should the jury be advised that there is occasion for more care in considering the testimony as to the latter than in considering the testimony as to the former?

It is the province of the court to instruct as to the law only (par. 52 of the Practice Act); hence it has been frequently held that the court should not invade the province of the jury as to the facts by any intimation as to the credibility of the witnesses or the weight of the evidence, or by assuming that a fact in controversy has been proved. The instruction in question was directly condemned in Wickersham v. Beers, 20 Ill. App. 243; and in several other cases in the Supreme and Appellate Court Reports cited by counsel, the ruling has been with more or less directness to the same effect. No doubt it might be proper to call the attention of the jury to some of the elements or considerations which affect the value of testimony adduced as to the verbal declarations or statements of parties, whether constituting the original contract or a subsequent version of it, but care should be taken to avoid any intimation as to whether those to which the instruction applies are weak or strong in any respect, and especially there should be nothing that might appear to discriminate in favor of or against any particular class of such proof.

We are of opinion that this instruction was erroneous

when applied to the proof before the jury, and that it may have operated unduly to the prejudice of the defendant.

It is urged also that the court erred in refusing leave to the defendant to withdraw his tender of $35. The answer of appellee to this point is that the record does not show that such a tender had been made or maintained. It appears from an instruction given by the court on its own motion that there was a tender and that it had been kept good for the sum of $35, and that the plaintiff was entitled to recover to that amount. No reason is suggested why the tender may not be withdrawn before accepted. It is merely a defense, and to be effective must be kept good.

A defendant may generally withdraw any or all of his defense. It is further urged that the court erred in refusing proof offered by the defendant as to when the threshing season began that year in that vicinity.

There was some proof tending to show that the plaintiff admitted that the boy was hired until the threshing season opened, and the evidence referred to was for the purpose of showing that he quit work before that point of time had arrived.

We are inclined to think this evidence was competent and should have been admitted.

The judgment will be reversed and the cause remanded.